
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RENEE MAINES, for L.M. (a minor), | No.    14-15258 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-04889-JCS |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Chief Magistrate Judge, Presiding **

Argued and Submitted October 21, 2016
San Francisco, California

Before:    HAWKINS and CALLAHAN, Circuit Judges, and SOTO,*** District
Judge.

---

  * This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

  ** The parties consented to proceed before Chief Magistrate Judge Spero under
28 U.S.C. § 636(c).

  *** The Honorable James Alan Soto, United States District Judge for the
District of Arizona, sitting by designation.

On behalf of her minor daughter, L.M., Renee Maines appeals the district court's order affirming the Social Security Commissioner's denial of L.M.'s application for Supplemental Security Income benefits from ages six through eighteen.[1] We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's decision de novo and the determination of the administrative law judge ("ALJ") for substantial evidence, *Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2016), we reverse and remand.

Maines contends that the ALJ erred by evaluating L.M.'s claim under the versions of Listings 109.00 and 109.08 that went into effect on June 7, 2011—more than two years after L.M. filed her application for benefits and after L.M.'s claim had already been decided initially and on reconsideration. We agree. A claimant's eligibility for benefits, once determined, is effective based on the date his or her

---

[1] This appeal comes to this Court on an order partially granting summary judgment to the Commissioner. The district court also granted partial summary judgment to Maines and reversed the Commissioner's denial of benefits to L.M. from the date of her application until her sixth birthday. Neither party challenges the partial grant of summary judgment to Maines. Therefore, this appeal concerns L.M.'s eligibility for benefits only from ages six through eighteen, and we do not disturb the district court's order regarding L.M.'s eligibility for benefits prior to her sixth birthday.

application is filed. 42 U.S.C. § 1382(c)(7). Absent express direction from Congress to the contrary, the ALJ should have continued to evaluate L.M.'s application under the listings in effect at the time she filed her application.[2] *See Ball v. Massanari*, 254 F.3d 817, 820–21 (9th Cir. 2001).

Maines seeks a remand for an immediate award of benefits on the basis that L.M. met the original listing's criterion of "[r]ecent, recurrent episodes of hypoglycemia." *See* 20 C.F.R. § 404, subpt. P, app. 1, pt. B, § 109.08B (2009) (amended 2011). Yet, the ALJ did not evaluate L.M.'s claim under the original listing or make any factual findings with regard to L.M.'s need for constant supervision for medical reasons, such as for administering her insulin injections and monitoring for hypoglycemic episodes. Moreover, the Commissioner has not defined what constitutes "[r]ecent, recurrent episodes of hypoglycemia." Therefore, based on the current record, we are unable to remand for an award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). We instead remand to the district court

---

[2] In relevant part, the listing in effect at the time of L.M.'s application provides that a child is presumptively disabled if the child has juvenile diabetes mellitus requiring parental insulin and, despite prescribed therapy, has one of four additional conditions including "[r]ecent, recurrent episodes of hypoglycemia." *See* 20 C.F.R. § 404, subpt. P, app. 1, pt. B, § 109.08B (2009) (amended 2011); *see also* Revised Medical Criteria for Evaluating Endocrine Disorders, 74 Fed. Reg. 66069, 66070 (Dec. 14, 2009) (proposed revisions to Listings 109.00 and 109.08 to delete listing criteria for juvenile diabetes for children over the age of six).

3

to further remand to the ALJ to determine in the first instance whether L.M. meets, medically equals, or functionally equals the original listing.

On remand, the ALJ must also "make reasonable efforts to ensure that a qualified pediatrician" or pediatric diabetes specialist "evaluates [L.M.'s] case." *See* 42 U.S.C. § 1382c(a)(3)(I). Contrary to the Commissioner's arguments, neither the records from Dr. O'Connor, one of L.M.'s treating physicians, nor the evaluations from agency physicians prepared in connection with L.M.'s prior application for benefits satisfied the requirement of 42 U.S.C. § 1382c(a)(3)(I). *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014 (9th Cir. 2003). And, our precedent instructs that the ALJ's failure to obtain or expressly consider a qualifying case evaluation, such as an opinion from an independent, qualified expert in the treatment of pediatric diabetes, is reversible error. *See id.* The ALJ should consider the case evaluation in connection with Dr. O'Connor's records as well as all medical and other evidence in the record.

Because we remand for the ALJ to conduct further proceedings under step three of the sequential analysis, *see* 20 C.F.R. § 416.924(a), we need not reach Maines' remaining arguments. However, on remand, the ALJ must take care to expressly consider whether L.M. suffers from "[r]ecent, recurrent episodes of hypoglycemia," such that she meets the original listing and qualifies for benefits on that basis. *See id.*

§ 404, subpt. P, app. 1, pt. B, § 109.08B (2009) (amended 2011). If the ALJ finds that L.M. does not meet the original listing and continues to the functional equivalence prong of the step three analysis, the ALJ must expressly consider whether L.M. (1) is in "need [of] a structured setting and the degree of limitation in functioning [she] ha[s] or would have outside the structured setting," *id.* § 416.924a(b)(5)(iv), or, as an independent basis for finding functional equivalence, (2) requires "24-hour-a-day supervision for medical (including psychological) reasons," *id.* § 416.926a(m)(4).

**REVERSED and REMANDED.**